Barnes v. The People, 197 Ill. App. 511.

In the Matter of the Estate of Francis A. Barnes, Deceased.

On Appeal of Vilena H. Barnes, Administratrix, Appellant, v. The People of the State of Illinois for use of George Earle et al., Appellees.

Gen. No. 20,301.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed January 27, 1916.

### Statement of the Case.

Appeal by Vilena H. Barnes, administratrix of the estate of Francis A. Barnes, from an order of the Circuit Court directing her to distribute cash remaining in her hands among the creditors of the estate, in proportion to the amount of their claims.

It appeared that Francis A. Barnes and Samuel M. Parish were copartners, doing business under the firm name of Barnes & Parish, as real estate brokers; that Samuel M. Parish having died, Francis A. Barnes as surviving partner succeeded to the business, and possessed himself of the assets and the good-will thereof, the business thereafter being conducted under the name of F. A. Barnes & Company; that Francis A. Barnes having later died, his widow was appointed administratrix of her deceased husband's estate; that Percy C. Barnes, a son of F. A. Barnes and the appellant, continued the business.

It is maintained by the appellant that Percy C. Barnes became a partner in the business and she claims to have paid him $350 for his share thereof, including the good-will, which she claims he had succeeded to as surviving partner upon the death of Francis A. Barnes. It further appeared from the evidence that later the appellant, in consideration of $1,550,

sold to G. H. Schneider & Company the real estate business of F. A. Barnes & Company, including the good-will.

In reporting said sale to the Probate Court, the appellant accounted only for the sum of $165.55, which represented the inventoried value of the fixtures and furniture belonging to said real estate business, leaving unaccounted for the sum of $1,383.45. At this time the said estate of Francis A. Barnes was insolvent to an amount upwards of $10,000.

Thereafter in the Probate Court of Cook county the appellant was ruled to show cause why she should not account for the said $1,383.45. Appellant's reply was to the effect that the said sum of $1,383.45 represented the amount paid by G. H. Schneider & Company for the good-will of the business of F. A. Barnes & Company; that the said good-will sold to G. H. Schneider & Company was her own personal property by purchase from Percy C. Barnes, and had never been vested in the estate.

The Probate Court on hearing allowed appellant credit for the $350 paid to Percy C. Barnes, which expenditure was approved as a purchase of an outstanding claim in the interest of said estate, and as an expense of administration; and ordered the appellant to account to the estate of said Francis A. Barnes for balance, viz., $1,033.45. Appellant refused, and failed to account for the aforesaid $1,033.45, and therefore the Probate Court stated an account for her, showing a credit to the estate of the said $1,033.45, from which credit and accounting appellant took an appeal to the Circuit Court, where, upon a hearing, the order complained of on this appeal was entered.

After affirmance of the judgment below, a rehearing was granted.

DANIEL S. WENTWORTH, for appellant.

ADAMS & WENNER, for appellee Lucy A. Salisbury.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. EXECUTORS AND ADMINISTRATORS, § 62*—*what constitutes assets of the estate.* Where, in the account of an administratrix, there appears an item showing an expenditure for the purchase of the interest of the deceased's surviving partner in a partnership business owned by the deceased and the seller of such interest, the interest so purchased must be considered as an asset of the estate for the proceeds of the sale of which the administratrix must account, and cannot be considered as her individual property.

2. APPEAL AND ERROR, § 1276*—*when presumed administratrix acquired property in representative capacity.* Where, on there appearing in the account of an administratrix, an item of expenditure for the purchase of an outstanding interest in the estate, and on the administratrix's failure to account for the proceeds of the subsequent sale thereof, the Probate Court states an account for her, crediting the estate with such proceeds and debiting it with the amount expended therefor, from which action she appeals but, being ordered to file a bill of particulars, limits the appeal to an objection as to the credit, thereby acquiescing in the allowance of the debit, it must be considered that she acquired the property in her representative capacity and not as an individual.

3. EXECUTORS AND ADMINISTRATORS, § 119*—*when claim against estate purchased by administratrix inures to benefit of estate.* Where an administratrix uses the funds of the estate in the purchase of a claim against it, the benefits thereof must inure to the estate.

## On Rehearing.

EXECUTORS AND ADMINISTRATORS, § 553*—*when administratrix on appeal from an account stated limited to points raised in bill of particulars.* On an appeal from an account stated for her by the Probate Court, an administratrix is limited to a hearing on those points raised in her bill of particulars.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.